Rex, J.
On tbe trial in tbe court below, as appears from tbe bill of exceptions, tbe plaintiff testified that he discovered the fraud, on the ground of which he seeks relief in the action, in February or March, 1867, which was more than four years before the commencement of this .action.
It also appeal’s from the bill of exceptions that, after the testimony was closed, the defendant asked the court to hold “that the limitation of four years in the fourth clause of section 15 of the code of civil procedure applies to this ease, and bars the plaintiff’s action, if the court find that the plaintiff’s cause of action accrued more than four years before he commenced this action,” which the court refused to do, and to which the defendant excepted.
The fourth clause of section 15 of the code limits the period within which an action can be commenced for relief on the ground of fraud to four years after the discovery of the fraud.
The-time within which the original action could be commenced'was limited by this provision of the code, and in refusing so to hold the District Court erred.
It is claimed, however, by the defendant in error, that the note in question, by reason of the fraud of the plaintiff' in error, was wholly without consideration, and, therefore, that, independent of the ground of fraud, he is entitled in equity to a decree of cancellation at any time before an action on the note is barred by the statute of limitations.
In our opinion, independent of the alleged fraud of the plaintiff’ in error, there was no cause of action stated in the petition below.
"Want of consideration merely is not a ground of equita *562 ble jurisdiction for tbe cancellation of a non-negotiable promissory note, either before or after its maturity.
Motion granted, judgment of the District Court reversed, and cause remanded.
Welch, C. J., White, Gilmore, and McIlvaine, JJ., concurred.